IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

**ANTHONY QUINN SMITH, II**                                                                                        **PETITIONER**

V.                                  No.  5:11-CV-05041-JLH

**RAY HOBBS, Director**
**Arkansas Department of Correction**                                                                **RESPONDENT**

## REPORT AND RECOMMENDATION

Before the undersigned for report and recommendation is the petitioner's Habeas Corpus Petitions (ECF No. 1) filed February 17, 2011 under 28 U.S.C. Section 2254.  The State filed its Response (ECF No. 6) on March 21, 201.

### I.  Background

On August 2, 2010, Petitioner Anthony Smith was charged in the City of Fayetteville District Court with a traffic citation for no liability insurance. (ECF 6-1).  Smith failed to appear for arraignment on the citation, and a failure-to-appear warrant was issued. (Id.)  Consequently, he was charged in Fayetteville District Court with failure to appear. (ECF 6-2).  On October 24,2010, he submitted a "request" to the Washington County Detention Center asking that the failure-to-appear charge be removed from his record. (See ECF No. 1, p. 10)

On November 22, 2010, Smith pleaded guilty to both the traffic citation and the failure-to-appear charge. (See ECF No. 6-1 & 6-2).  He was ordered to pay fines, costs, and fees, and sentenced to15 days in county jail, for which he received credit for time served. (Id.)

On December 3, 2010, Smith entered a negotiated plea of guilty to two counts of

accomplice to breaking or entering, one count of accomplice to misdemeanor theft of property and a Petition to Revoke on the charge of Aggravated Assault in Washington County Circuit Court.  He was sentenced to concurrent terms of 36 months in the Arkansas Department of Correction (ADC) with an additional 36-month suspended imposition of sentence for accomplice to breaking or entering and 12 months in jail satisfied by the ADC sentence for accomplice to theft of property. At the same time, Smith's probation term from a prior conviction for aggravated assault was revoked, and he was sentenced to a term of 36 months in the ADC with an additional 36-month suspended imposition of sentence for that conviction. (See ECF No. 6-3).  The circuit judge entered an order setting a $5,000 ADC bond which authorized Smith to remain free "until Dec. 20,2010, at 8: 00 a.m., (or until ADC requests the Defendant, whichever occurs first) when the Defendant is to turn himself/herself in to the Washington County Jail." (ECF No. 6-4). According to the circuit court docket sheet it reflected that Smith was "Order to remain free on bond until 12-20-10".  (ECF No. 6-5, p. 3)

On December 10,2010, Smith submitted a "request" to the Washington County Detention Center claiming that he was unable to bond out because of preexisting bonds and asking to "be able to bond out & get my full 17 days." (See ECF No. 1, p. 7). A jail officer responded that the "[t]he $5,000 bond is all that is showing," and instructed that Smith could "bond with a turn in date of 12-20-2010." (Id.)  Smith, never appears to have posed the $5,000 bond and he is currently housed at the Washington County Detention Center waiting transport to the Arkansas Department of Corrections. (See www.co.wahsington.ar.us).

Smith filed the current Petition on February 17, 2011 and alleged that he was 1)not able to make his ADC bond (ECF No. 1, p, 5) and 2) Remove FTA from my Record.

## II. Discussion

Section 2254 of Title 28 of the U.S. Code permits a prisoner in state custody to petition a federal court for a writ of habeas corpus "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a).

The act also provides that "(d) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States..." 28 U.S.C. § 2254(d)

The Supreme Court explained in *Williams v. Taylor* state "that to obtain federal habeas relief, a petitioner must first demonstrate that his case satisfies the condition set by § 2254(d)(1): [Section] 2254(d)(1) places a new constraint on the power of a federal habeas court to grant a state prisoner's application for a writ of habeas corpus with respect to claims adjudicated on the merits in state court. Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied-the state-court adjudication resulted in a decision that

(1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or

(2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court

has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." *Williams v. Taylor,* 529 U.S. 362, 412-13, 120 S.Ct. 1495, 1523, 146 L.Ed.2d 389 (2000).

The purpose of § 2254(d) as amended by the Antiterrorism and Effective Death Penalty Act of 1996 is to limit the scope of federal court review "in order to effect the intent of Congress to expedite habeas proceedings with appropriate deference to state court determinations." *Whitmore v. Kemna,* 213 F.3d 431, 433 (8th Cir .2000).

Neither of the Plaintiff's claims satisfy the requirements of 28 U.S.C. 2254(d).

In Petitioner's first claim it appears that he entered a plea of guilty to a number of charges and received a sentence to the Arkansas Department of Correction.(See ECF No. 6-3). The Petitioner does not contest the sentence he received from the Circuit Court. The court entered an order which would have allowed the Petitioner some time out of jail before he was to report to ADC. (ECF No. 6-4). The Petitioner does not appear to have been able to make bond prior to being placed into the custody of the Arkansas Department of Corrections.

This is at best a mistake by the county jail in trying to determine which, of several bond orders, were to govern the Petitioner's release. Regardless, there is nothing illegal concerning the Petitioner's current sentence. The petitioner's prayer for relief is that he wants the court to re-order his surrender bond so he can have 17 days before reporting back to the Arkansas Department of Correction. The Petitioner's claim is not a constitutional claim and is without merit. As pointed out the petitioner is now an inmate of the Arkansas Department of Correction

pursuant to a valid sentence and the Petitioner's request that this court establish a 17 day furlough from the ADC is not a constitutional claim.

In Ground Two the Petitioner is asking the court to "Remove FTA from my Record". This claim is also not cognizable in federal court because he is not in custody pursuant to the FTA. The Petitioner entered a plea of guilty on the FTA charge and was given 15 days in jail with credit for 15 days served. (See ECF No. 6-2).

The Petitioner had the right to appeal his FTA conviction from the Arkansas District Court to the Circuit Court but he choose not to do so. (See Ark. Dist. Ct. Rules, Rule 9 and Rule 2). The United States Supreme Court has stated that "a collateral challenge may not do service for an appeal." *United States v. Frady*, 456 U.S. 152, 165, 102 S.Ct. 1584, 1593, 71 L.Ed.2d 816 (1982). "[N]ormally a collateral attack should not be entertained if defendant failed, for no good reason, to use another available avenue of relief." *Poor Thunder v. United States*, 810 F.2d 817, 823 (8th Cir.1987) (citing *448 *Kaufman v. United States*, 394 U.S. 217, 89 S.Ct. 1068, 22 L.Ed.2d 227 (1969)).*Reid v. U.S.* 976 F.2d 446, 447 -448 (C.A.8 (Mo.),1992).

The Petitioner therefore failed to exhaust his state court remedies. Before bringing his claims to this Court, a petitioner must have presented his claims in state court. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004). The Eighth Circuit has explained:

> "A prisoner seeking a writ of habeas corpus from a federal court must first fairly present his claims to the state courts in order to meet the exhaustion requirement of 28 U.S.C. § 2254(b)." We have held repeatedly that a claim has not been fairly presented to the state courts unless the same factual grounds and legal theories asserted in the prisoner's federal habeas petition have been properly raised in the prisoner's state court proceedings. We have also held that a claim is considered exhausted "when the petitioner has afforded the highest state court a fair opportunity to rule on the factual and theoretical substance of his claim."

*Krimmel v. Hopkins,* 56 F.3d 873, 875-76 (8th Cir.1995) (citing *Forest v. Delo*, 52 F.3d 716, 719 (8th Cir.1995); Keithley v. Hopkins, 43 F.3d 1216, 1217 (8th Cir.1995); *Ashker v. Leapley*, 5 F.3d 1178, 1179 (8th Cir.1993)) (citations omitted).  It is clear that the Petitioner did not exhaust his State Court remedies.

### III.  Conclusion

Based upon the forgoing I recommend that the instant motion, filed under 28 U.S.C. §2255 be dismissed with prejudice.

**The parties have fourteen days from receipt of this report and recommendation in which to file written objections pursuant to 28 U.S.C. Section 636(b)(1).  The failure to file timely written objections may result in waiver of the right to appeal questions of fact.  The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

Dated  this 4th day of April 2011.

*/s/ J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE